**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 17-0158-DOC (JCGX)　　　　　　　　　　Date: June 27, 2017

Title: NELSON BROTHERS PROFESSIONAL REAL ESTATE LLC V. BEAU JAUSSI, ET AL.

PRESENT:

**THE HONORABLE DAVID O. CARTER, JUDGE**

　　Deborah Goltz　　　　　　　　　　　　　Not Present
　　Courtroom Clerk　　　　　　　　　　　　Court Reporter

ATTORNEYS PRESENT FOR　　　　　ATTORNEYS PRESENT FOR
　　　　PLAINTIFF:　　　　　　　　　　　　　DEFENDANT:
　　None Present　　　　　　　　　　　　None Present

**PROCEEDINGS (IN CHAMBERS):　ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS [28]**

Before the Court is Defendants' Motion to Dismiss ("Motion") (Dkt. 28). The Court finds this matter appropriate for resolution without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. Having considered the moving papers, the Court GRANTS IN PART and DENIES IN PART Defendants' Motion.

**I.　Background**

　　**A.　Facts**

The Court adopts the facts as set out in Plaintiff's First Amended Complaint ("FAC") (Dkt. 27).

Plaintiff Nelson Brothers Professional Real Estate, LLC ("Plaintiff" or "Nelson Brothers") is a private equity firm specializing in buying, maintaining, and leasing student housing. FAC ¶ 2.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 17-0158-DOC (JCG)                                                        Date: June 27, 2017
                                                                                                                                    Page 2

      In June 2012, Plaintiff hired Beau Jaussi ("Jaussi") as its "Vice President of Acquisition and Syndication of the Managing Member" and in-house counsel. *Id.* ¶ 16. Jaussi's responsibilities included "overseeing the due diligence phase of acquisition, coordinating and consulting with outside legal counsel in the negotiation of acquisitions of properties, internal contract review and drafting, and overseeing the preparation of offering memorandum, as well as overseeing any and all legal matters concerning previously acquired properties." *Id.*

      While working for Nelson Brothers, Jaussi had access to Plaintiff's confidential, proprietary, and trade secret information, including Plaintiff's "non-public financial information," "marketing and advertising plans, strategies, tactics, budgets, and studies," and "business and operations strategies, research and development plans." *Id.* ¶ 20.

      On February 15, 2014, Patrick Nelson ("Patrick"), the President and CEO of Nelson Brothers, received a lead on an investment opportunity with a student housing community called College Park Place. *Id.* ¶ 27. Patrick asked Jaussi to gather "due diligence information about College Park Place to determine whether Nelson Brothers should acquire it." *Id.* ¶ 28.

      On May 16, 2014, Plaintiff discovered that Jaussi developed his own business, Defendant The Mareau Group ("MG"), by using Plaintiff's "13 Keys to a Successful Student Housing Property" ("13 Keys") as a business template. *Id.* ¶ 34. The 13 Keys are thirteen factors that help a purchaser identify and acquire property that can be successfully rented to students. *Id.* ¶ 21. At the time Jaussi was employed by Plaintiff, Plaintiff's 13 Keys was password-protected on a shared computer drive, which was accessible to only seven to ten of Plaintiff's fifty employees. *Id.* ¶ 22. Access to the shared drive required that the user be logged on at Plaintiff's office. *Id.*

      Plaintiff also discovered that Jaussi emailed "due diligence information" to his personal email account without Plaintiff's consent while he was employed by Plaintiff. *Id.* ¶ 44. Two days later, Plaintiff sent an email to Jaussi notifying him that he was suspended and required to "not misappropriate trade secret or other proprietary or confidential information." *Id.* ¶ 36.

      Shortly after Jaussi's suspension, Plaintiff discovered that Jaussi was secretly meeting with investors in Chicago regarding College Park Place. *Id.* ¶ 39. Plaintiff sent an email terminating Jaussi on May 27, 2014. *Id.* ¶ 40. Plaintiff alleges that Jaussi "misrepresented his background and experience to College Park Place, as well as other potential investors, by falsely claiming that he had 'procured over $100 million in student housing.'" *Id.* ¶ 48.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 17-0158-DOC (JCG)                                             Date: June 27, 2017
                                                                                                                                                                Page 3

On June 20, 2014, Jaussi acquired College Park Place, allegedly because he used Plaintiff's 13 Keys. *Id.* ¶ 43.

### B. Procedural History

Plaintiff filed this case on January 27, 2017 against Jaussi and MG (Dkt. 1). In the operative complaint, the FAC, Plaintiff alleges: (1) misappropriation of trade secrets under The Defend Trade Secrets Act ("DTSA"), 18 U.S.C. § 1836, *et seq.*; (2) misappropriation of trade secrets under the California's Uniform Trade Secrets Act ("CUTSA"), California Civil Code § 3426, *et seq.*; (3) breach of fiduciary duty; (4) tortious interference with prospective economic advantage; (5) violation of California Unfair Competition Law ("UCL"), California Business and Professions Code § 17200, *et seq.*; and (6) civil conspiracy. *See generally* FAC.

Defendants filed the present Motion on April 24, 2017. Plaintiff opposed on May 15, 2017 ("Opp'n") (Dkt. 29). Defendants replied on May 22, 2017 ("Reply") (Dkt. 30). Plaintiff objected to Defendants' Reply on May 23, 2017, claiming that Defendants introduced new facts in their reply brief ("Pl. Objection") (Dkt. 31). Defendants replied to Plaintiff's objections on May 25, 2017 ("Defs. Reply") (Dkt. 32).

## II. Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed when a plaintiff's allegations fail to set forth a set of facts which, if true, would entitle the complainant to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (holding that a claim must be facially plausible in order to survive a motion to dismiss). The pleadings must raise the right to relief beyond the speculative level; a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 268 (1986)). On a motion to dismiss, a court accepts as true a plaintiff's well-pleaded factual allegations and construes all factual inferences in the light most favorable to the plaintiff. *See Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). The court is not required to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678.

In evaluating a Rule 12(b)(6) motion, review is ordinarily limited to the contents of the complaint and material properly submitted with the complaint. *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002); *Hal Roach Studios Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1989). Under the incorporation by reference doctrine, the court may also consider documents "whose

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 17-0158-DOC (JCG)                                        Date: June 27, 2017
                                                                                                                                                                                                            Page 4

contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading." *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), *overruled on other grounds by Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119, 1121 (9th Cir. 2002). The court may treat such a document as "part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

Dismissal with leave to amend should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). This policy is applied with "extreme liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (holding that dismissal with leave to amend should be granted even if no request to amend was made). Courts consider four factors in determining whether to grant leave to amend: (1) undue delay; (2) bad faith; (3) futility of amendment; and (4) prejudice to the opposing party. *Webb*, 655 F.2d at 980 (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

For claims sounding in fraud, a complaint must be dismissed when a plaintiff fails to meet the heightened pleading requirements of Federal Rule of Civil Procedure 9(b). *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009); *see* Fed. R. Civ. P. 9(b). Rule 9(b) requires a plaintiff alleging such claims to "state with particularity the circumstances constituting fraud." *Id.* The "circumstances" required by Rule 9(b) are the "who, what, when, where, and how" of the fraudulent activity. *United States ex rel Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 (9th Cir. 2011). Further, if the plaintiff claims that a statement is false or misleading, "[t]he plaintiff must set forth what is false or misleading about a statement, and why it is false." *Vess v. Ciba–Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (quoting *In re Glenfed, Inc. Secs. Litig.*, 42 F.3d 1541, 1548 (9th Cir. 1994)). In other words, the plaintiff "must set forth an explanation as to why the statement or omission complained of was false or misleading." *Cooper v. Pickett*, 137 F.3d 616, 625 (9th Cir. 1997). This heightened pleading standard ensures that "allegations of fraud are specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir. 1985). However, "intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b); *see Neubronner*, 6 F.3d 666, 672 (9th Cir. 1993).

### III.     Discussion

Defendants argue that the FAC should be dismissed for lack of subject matter jurisdiction because the DTSA claim, upon which the Court's federal question

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 17-0158-DOC (JCG)                                                  Date: June 27, 2017
                                                                                                                                                          Page 5

jurisdiction is based, is insubstantial. Mot. at 1. Defendants also claim that the DTSA claim should be dismissed because (1) Plaintiff's cause of action predates DTSA's enactment; (2) the DTSA claim is barred by the doctrine of laches; and (3) DTSA claim is precluded because Plaintiff "impliedly consented" to the Defendants' use of Plaintiff's investment strategy. *Id.*

Further, Defendants allege that even if there is subject matter jurisdiction, Plaintiff's pendent state law claims should be dismissed because they fail the heightened pleading requirements of Rule 9(b). *Id.*

Before the Court addresses Defendants' claims, it will first consider two procedural arguments Plaintiff raises in its Opposition: (1) Defendants' failure to comply with Local Rule 7-3, and (2) Defendants' violation of Federal Rule of Civil Procedure 12(g)(2). Opp'n at 2.

### A. Non Compliance with Local Rule 7-3

Plaintiff claims that the instant Motion should be denied because it is in violation of Local Rule 7-3. Opp'n at 2. Defendants were required to file their response to the FAC by April 24, 2017. *See* Fed. R. Civ. P. 15(a)(3). To file a timely motion to dismiss the FAC, Defendants were therefore required to initiate a meet and confer proceeding no later than April 17, 2017, seven days prior to filing the motion to dismiss. L.R. 7-3. Plaintiff asserts that Defendants did not notify it of their intention to file the instant motion until April 19, 2017. *Id.* Defendants' counsel, Mark Share, states in his declaration that he did email Plaintiff's counsel on April 19, 2017. Declaration of Mark Share ("Share Decl.") (Dkt. 30) at 2–3. Accordingly, Defendants failed to comply to Local Rule 7-3.

The issues discussed in the Plaintiff's first amended complaint were substantively the same as those discussed in his initial complaint. Accordingly, notwithstanding Defendants' violation of Local Rule 7-3, the Court will consider the merits of the instant Motion. *See, e.g.*, *Gukasyan v. Chase Bank USA, N.A.*, CV 11-2509 CAS (SSx), 2011 WL 3439265, at *2 n.1 (C.D. Cal. Aug. 3, 2011). The Court, however, admonishes the Defendants to comply with all the local rules of this district going forward.

### B. Violation of Rule 12(g)(2)

Defendants argue that the FAC should be dismissed for lack of subject matter jurisdiction because the DTSA claim is insubstantial in contrast to the five state law claims. Mot. at 5. In opposition, Plaintiff asserts that Defendants' Motion violates Rule

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 17-0158-DOC (JCG)                                Date: June 27, 2017
                                                                                                                Page 6

12(g)(2) because Defendants raise issues that "were available to Defendants, but omitted from their earlier motion." Opp'n at 3. Specifically, Plaintiffs argue that Defendants could have raised the following issues on its previous motion to dismiss:

> (1) the contention that the Court lacks subject matter jurisdiction over the DTSA claim;
>
> (2) the laches defense against the DTSA claim;
>
> (3) the "implied consent" issue regarding the DTSA claim;
>
> (4) the lack of statutory standing to bring the UCL claim; and
>
> (5) failure to state a claim as to the second, third, fifth, and sixth claims.

*Id.* at 3.

An argument that a court lacks subject matter jurisdiction can be raised at any time. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Accordingly, the Court will consider the subject matter jurisdiction challenge.

The Ninth Circuit has held that district courts have the discretion to decide the merits of a defendant's successive 12(b)(6) motion as long as the successive motion was not filed for the "purpose of delay [and] . . . entertaining the motion would expedite the case . . . and narrow the issues involved." *In re Apple Iphone Antitrust Litigation*, 846 F.3d 318, 319 (9th Cir. 2017) (quoting *Doe v. White*, No. 08–1287, 2010 WL 323510, at *2 (C.D. Ill. Jan. 20, 2010)).

Here, it appears that Defendants' new arguments—doctrine of laches and implied consent—were available to them at the time of their first 12(b)(6) motion to dismiss. Nevertheless, the Defendants' arguments have merit and the Court sees no evidence that the Motion was brought for purposes of delay.

Accordingly, the Court will address the merits of Defendants' second 12(b)(6) motion.

### C.     Lack of Subject Matter Jurisdiction

Defendants argue that because state claims dominate Plaintiff's FAC and the "sole federal claim is insubstantial," the Court lacks subject matter jurisdiction. Mot. at 5.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 17-0158-DOC (JCG)                                            Date: June 27, 2017
                                                                                                                             Page 7

Defendants assert that the DTSA does not create a cause of action because "the right to seek redress in trade secrets cases already existed in the Uniform Trade Secrets Act." *Id.* at 6.

The DTSA provides that "an owner of a trade secret that is misappropriated . . . may bring a civil action under this subsection if the trade secret is related to a product or service used in, or intended for use in, interstate or foreign commerce." 18 U.S.C. § 1836; *see also Cave Consulting Group, Inc. v. Truven Health Analytics Inc.*, No. 15-cv-02177-SI, 2017 WL 1436044, at *3 (N.D. Cal. Apr. 24, 2017) (finding that the DTSA creates a cause of action for owners of trade secrets that were misappropriated "if the trade secret is related to a product or service used in, or intended for use in, interstate or foreign commerce"). Defendants have provided no authority for their contention that Plaintiff cannot concurrently allege a Uniform Trade Secrets Act claim and a DTSA claim.

Further, the Court agrees with Plaintiff that while the Supreme Court in *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998), found that claims that are "immaterial, or wholly insubstantial and frivolous" can justify a dismissal for lack of subject-matter jurisdiction, such dismissal is reserved for "'exceptional' cases." Opp'n at 5 (citing Rutter Group, *Federal Civil Procedure Before Trial* § 9:94.2 (9th ed. 2017)). Jurisdictional dismissals are limited to situations in which the federal claim is frivolous or "made solely for the purpose of obtaining federal jurisdiction." *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987). As noted above, Plaintiff has alleged trade secret misappropriation under DTSA. The Court sees no evidence that Plaintiffs' argument is a frivolous assertion of a federal claim.

Accordingly, the Court finds that the DTSA claim, if properly pleaded, will support federal question jurisdiction.

        **D.**        **Doctrine of Laches**

Defendants argue that Plaintiff's DTSA claim is barred by the doctrine of laches. Mot. at 12. "Laches is an equitable time limitation on a party's right to bring a suit . . . resting on the maxim that 'one who seeks the help of a court of equity must not sleep on his rights.'" *Jarrow Formulas, Inc. v. Nutrition Now, Inc.*, 304 F.3d 829, 835 (9th Cir. 2002). A party raising the doctrine of laches is required to show (1) plaintiff's unreasonable delay in filing the suit, and (2) prejudice to defendant. *Id.*

"A laches defense raised at the motion to dismiss posture requires exclusive reliance on the factual allegations in the complaint." *In re Cathode Ray Tube (CRT) Antitrust Litig.*, No. C-07- 5944-SC, 2014 WL 1091589, at *13 (N.D. Cal. March 13,

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. SA CV 17-0158-DOC (JCG) | Date: June 27, 2017 |
|---|---|
| | Page 8 |

2014). "Courts have noted that this postural requirement poses a nearly insurmountable obstacle to a favorable resolution of a defendant's fact-dependent laches claim." *Id.* Moreover, there is a "strong presumption" that laches is inapplicable if the plaintiff's suit is filed within the applicable limitations period. *Jarrow*, 304 F.3d at 835–36.

A DTSA claim "may not be commenced later than 3 years after the date on which the misappropriation with respect to which the action would relate is discovered." 18 U.S.C. § 1836(d). As Defendants point out, Plaintiff discovered the alleged conduct on May 16, 2014 but did not file suit until January 27, 2017. Mot. at 12. Plaintiff delayed in filing this suit. However, the Court finds no evidence that Plaintiff's delay was so unreasonable that it would rebut the strong presumption that laches is inapplicable to claims brought within the limitations period. This conclusion is bolstered by the fact that Plaintiff could not file suit before the DTSA was enacted on May 11, 2016. Plaintiff waited only eight months after the DTSA was enacted to file the lawsuit.

Accordingly, the Court finds that Defendants cannot show the first element of a laches defense, and cannot successfully assert a laches defense here.

### E.     Failure to State a Claim Under DTSA

Defendants next argue that the DTSA claim should be dismissed because the "element of misappropriation is not present in the [FAC]." Mot. at 13. Under 18 U.S.C. § 1839(5)(B), misappropriation is defined as "disclosure or use of trade secret of another without express or implied consent." Defendants contend that they used Nelson's 13 Keys with Plaintiff's implied consent as evidenced by (1) "Nelson's publication of its 'Our Strategy' on the internet," and (2) Plaintiff's delay of almost three years in filing suit after discovering Defendants' alleged conduct. Mot. at 13.

Plaintiff has published a page on its online website, "Our Strategy," describing its acquisition strategy, which Defendants claim essentially discloses all the elements 13 Keys Plaintiff now seeks to claim is a trade secret. *Id.* at 14. Further, they argue that Plaintiff has failed to allege any distinction between the web page and the 13 Kays. *Id.* at 14.

This Court previously ruled that "[w]hether the alleged trade secrets are actually generally known to the public is a question of fact and beyond the scope of a motion to dismiss." Order at 7. This remains true.

Defendants further argue that Plaintiff's delay in filing a lawsuit after discovering Defendants' conduct demonstrates Plaintiff's implied consent. Mot. at 15. Because of the

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 17-0158-DOC (JCG)　　　　　　　　　　　　　　　　　　Date: June 27, 2017
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 9

recentness of the DTSA, there is no prior case law that provide guidance as to what constitutes implied consent under the DTSA. However, it is clear that implied consent cannot be found here.

　　　The FAC states that on May 16, 2014, "Nelson Brothers learned for the first time that Jaussi had developed his own business plan . . . using Nelson Brothers' confidential and proprietary information via the '13 Keys' as a template for his own business plan." FAC ¶ 34. After this discovery, Plaintiff emailed Jaussi on May 18, 2014, suspending his employment and stating in relevant part "Please keep in mind your continuing obligations to the company, including the requirement that you not misappropriate trade secret or other proprietary or confidential information." *Id.* ¶ 36.

　　　Plaintiff's email clearly conveyed Plaintiff's objection to any misappropriation of trade secrets or any other confidential information. The Court sees Jaussi's suspension and subsequent termination on May 28, 2014 as evidence of Plaintiff's opposition to Defendants' misappropriation of alleged trade secret and therefore will not dismiss Plaintiff's DTSA claim on the basis of implied consent.

　　　**F.　　Claims Predate DTSA's Enactment**

　　　Defendants argue that the alleged trade secrets misappropriation occurred years before the May 11, 2016 enactment of DTSA, precluding Plaintiff from bringing any misappropriation claim even if the alleged misappropriation continued past the date of DTSA's enactment. Mot. at 7.

　　　Defendants cite *Avago Techs. U.S. Inc. v. Nanoprecision Products, Inc.*, No. 16-cv-03737-JCS, 2017 WL 412524 (N.D. Cal. Jan. 31, 2017), for the proposition that continued misappropriation of trade secrets after the DTSA enactment date is insufficient to allege a DTSA claim. Mot. at 7. However, the plaintiff's claims in *Avago* were based on the *disclosure* of a trade secret. *Avago*, 2017 WL 412524, at *2. That court noted that "simply alleging that the same information was disclosed 'again' is not sufficient to avoid this result as 'disclosure,' by definition, implies that the information was previously secret." *Id.* at *9

　　　Here, Plaintiff cites various authority suggesting that the DTSA permits a misappropriation claim to be asserted on the continued *use* of misappropriated trade secret after the date of DTSA's enactment. *VIA Techs., Inc. v. ASUS Computer Int'l*, No. 14-cv-03586-BLF, 2017 WL4 491172, at *2 (N.D. Cal. Feb. 7, 2017) (holding that DTSA is "applicable to wrongful conduct occurring prior to its enactment if the conduct continues after May 11, 2016); *Syntel Sterling Best Shores Mauritius Ltd. v. Trizetto*

Case 8:17-cv-00158-DOC-JCG   Document 34   Filed 06/27/17   Page 10 of 15   Page ID #:393

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 17-0158-DOC (JCG)                                Date: June 27, 2017
                                                                                                                 Page 10

*Group, Inc.*, No. 15-CV-211 (LGS) (RLE), 2016 WL 5338550, at*6 (S.D.N.Y. Sept. 23, 2016) (allowing defendants to bring a DTSA counter-claim based on defendant's allegation that the plaintiff continued to use its intellectual property after the effective date of the DTSA).

Plaintiff alleges that "Jaussi has continued to use the Nelson Brothers' confidential and proprietary 13 secrets in marketing efforts and has obtained further transactions as a result of such improper usage." FAC ¶ 45. Accordingly, it appears the alleged violation of DTSA may have continued past the date of the DTSA's enactment.

Although Plaintiff asserts Defendants' continued use of Plaintiff's trade secrets, the FAC provides no specific allegations that the Defendants used the alleged trade secrets after the DTSA was enacted on May 11, 2016. The general allegation that Defendants continued to use the alleged trade secrets after June 20, 2014 is insufficient to state a claim under the DTSA. *See Cave Consulting Grp., Inc. v. Truven Health Analytics Inc.*, No. 15-cv-02177-SI, 2017 WL 1436044, at *5 (N.D. Cal. Apr. 24, 2017) (holding that "without facts about when post-enactment use occurred," the plaintiff failed to state a claim under DTSA).

Accordingly, the Court DISMISSES WITHOUT PREJUDICE Plaintiff's DTSA claim.

### G.     Pendent State Law Claims

Defendants argue that Plaintiff's CUTSA, breach of fiduciary duty, UCL, and civil conspiracy claims do not meet the heightened pleading requirement of Rule 9(b). Mot. at 22. Further, Defendants argue that Plaintiff's claims for breach of fiduciary duty, tortious interference with prospective economic advantage, violation of the UCL, and civil conspiracy fail because they are preempted by CUTSA. *Id.* at 17.

#### 1.     Rule 9(b)

Rule 9(b) requires a party alleging fraud to "state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). Rule 9(b) requires that "circumstances constituting the alleged fraud" should be "specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009). If fraud is "not an essential element of a claim," only allegations of fraud need to satisfy the heightened pleading requirement of Rule 9(b). *Id.* Allegations of fraud that do not satisfy that standard must be "disregarded"

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 17-0158-DOC (JCG)                                            Date: June 27, 2017
                                                                                                              Page 11

or "stripped" from the claim. *Id.* If a plaintiff does not allege fraud, his allegations does not need to meet Rule 9(b)'s heightened pleading standard. *Id.*

Plaintiff's claims under CUTSA, breach of fiduciary duty, and civil conspiracy are not grounded in fraud. However, Plaintiff's reference to "fraudulent" acts in paragraphs 70 and 79 require his allegations of fraud to meet Rule 9(b) standards. At Plaintiff's request, the Court will STRIKE allegations of fraud from its CUTSA, breach of fiduciary duty, and civil conspiracy claims. Accordingly, these claims no longer required to meet Rule 9(b) standards.

As to Plaintiff's UCL claim, the Ninth Circuit has held that Rule 9(b)'s heightened pleading standard applies to violations of UCL where a plaintiff claims that defendant engaged in fraudulent conduct. *See Kearns*, 567 F.3d at 1125 (finding that "while fraud is not a necessary element of UCL, a plaintiff may nonetheless allege that the defendant engage in fraudulent conduct"). Plaintiff argues that its UCL claim is not grounded in fraud because Plaintiff's allegation does not support "knowledge of falsity." Opp'n at 24. However, the Ninth Circuit also held that "where fraud is not an essential element of a claim, only allegations [] of fraudulent conduct must satisfy the heightened pleading requirements of Rule 9(b)." *Vess*, 317 F.3d at 1105 (finding that when a plaintiff does not "allege a unified course of fraudulent conduct in support of a claim," allegations of fraud supporting the claim are still "subject to Rule 9(b)'s heightened pleading requirements).

The Court finds that Plaintiff's UCL claim does not meet Rule 9(b)'s heightened pleading standard. The Ninth Circuit's holding in *Vess* requires a plaintiff to specify the "'who, what, when, where, and how' of the misconduct charged." *Vess*, 317 F.3d at 1106. Here, Plaintiff alleges that Defendants diverted its clients and that Defendant Jaussi falsely claimed that "he had 'procured over $100 million in student housing' while employed by Nelson Brothers even though the reality was that he had not 'procured' anything." FAC ¶ 90. Plaintiff, however, does not address the particulars of when, where, or how the alleged fraudulent activity occurred.

Accordingly, the Court STRIKES Plaintiff's allegations of fraud in its CUTSA, breach of fiduciary duty, UCL, and civil conspiracy claims, but declines to dismiss any of Plaintiff's claims for failure to meet Rule 9(b)'s heightened pleading standards.

       **2.**       **CUTSA Preemption**

"CUTSA provides the exclusive civil remedy for conduct falling within its terms, so as to supersede other civil remedies 'based upon misappropriation of a trade secret.'" *Silvaco Data Sys. v. Intel Corp.*, 184 Cal. App. 4th 210, 236 (2010). Common law claims

Case 8:17-cv-00158-DOC-JCG   Document 34   Filed 06/27/17   Page 12 of 15   Page ID #:395

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 17-0158-DOC (JCG)　　　　　　　　　　　　　　　　　　　　Date: June 27, 2017
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 12

premised on the wrongful taking of information which does not qualify as a trade secret are also superseded, unless the plaintiff identifies some law which confers the plaintiff with property rights in the information. *Id.* at 236–40; *see also Mattel, Inc. v. MGA Entertainment, Inc.*, 782 F. Supp. 2d 911, 987 (C.D. Cal. 2011) ("[C]UTSA supersedes claims based on the misappropriation of confidential information, whether or not that information meets the statutory definition of a trade secret.").

Defendants argue that CUTSA precludes Plaintiff from "other state law causes of action because each of those claims is based on 'the same nucleus of facts" as Plaintiff's CUTSA claim. Mot. at 18. The Court will address each of Plaintiff's state law claims in turn.

### a.　　　Breach of Fiduciary Duty

Plaintiff raises a breach of fiduciary duty claim against Defendants, alleging that Defendants breached their duty to Plaintiff by "acting in conflict of interest, by engaging in business for his own account, and in competition with Plaintiffs, all while employed by Plaintiff." FAC ¶ 78. Specifically, on February 25, 2014, Plaintiff forwarded information about College Park Place to Jaussi and asked Jaussi to provide due diligence information on whether Plaintiff should purchase the property. *Id.* ¶ 28. On May 16, 2014, Joseph Kyle Taylor, a Georgia broker, "sent Jaussi an email referencing the College Park Place potential transaction and stating . . . 'I look forward to working with you on this deal.'" *Id.* ¶ 29. Plaintiff contends that while still employed by Nelson Brothers, Defendants communicated and convinced Taylor to "close the transaction with [him] without Nelson Brothers' involvement," thereby stealing business from Plaintiff. *Id.* ¶¶ 29, 81.

Courts have held that CUTSA does not supersede claims based on allegations and facts *not* involving misappropriation of trade secrets. *See, e.g.*, *ATS Products Inc. v. Ghiorso*, No. C10-4880 BZ, 2012 WL 253315, at *3 (N.D. Cal. Jan. 26, 2012) (denying defendant's motion for judgment as a matter of law where facts independent of the misappropriation claim supported a breach of fiduciary duty); *Ali v. Fasteners for Retail, Inc.*, 544 F. Supp. 2d 1064, 1070 (E.D. Cal. 2008) (denying a motion to dismiss where facts alleged could form an independent nucleus for a breach of fiduciary duty claim). However, if a plaintiff does "not clearly delineate" which allegations support a specific claim, and do not involve the misappropriation of trade secrets, a court may dismiss that claim with leave to amend. *SOS Co., Inc. v. E-Collar Techs., Inc. et al.*, No. CV 12-3400 PSG (JEMx), 2012 WL 12897998, at *3 (C.D. Cal. Oct. 17, 2012); *see also Hat World, Inc. v. Kelly*, No. CIV S-12-01591 LKK/EFB, 2012 WL 3283486, at *5 (E.D. Cal. Aug. 10, 2012) (dismissing a claim based on CUTSA preemption but granting plaintiff "leave

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 17-0158-DOC (JCG)                                                                             Date: June 27, 2017

Page 13

to amend the complaint to disentangle claims that are preempted by CUTSA from those that are premised on a separate nucleus of facts").

Here, Plaintiff's breach of fiduciary duty claim is premised on Jaussi taking business away from Plaintiff while employed by Plaintiff. Because Plaintiff's allegation does not invoke any misappropriation of trade secrets, the Court finds that Plaintiff's breach of duty state claim is not preempted by CUTSA.

Accordingly, the Court DENIES Defendant's Motion to Dismiss Plaintiff's breach of fiduciary duty claim.

### b.        Interference with Prospective Economic Advantage

Plaintiff brings a claim for interference with prospective economic advantage against Defendants. FAC ¶ 83–87. Defendants argue that Plaintiff's claim is preempted by CUTSA because it is based on the misappropriation of trade secrets—the "same nucleus of facts as the underlying CUTSA cause of action." Mot. at 19. Therefore, Defendants argue Plaintiff's claim for tortious interference is subject to dismissal. *Id.*

Specifically, Defendants assert that the phrase "Jaussi and his corporate affiliates' wrongful actions" in paragraph 86 of the FAC refers to the continued use of the 13 Keys. *Id.* Because the interference with prospective economic advantage claim is premised on the misappropriation of a trade secret, Defendants argue that CUTSA preempts Plaintiff's claim. *Id.* Plaintiff, on the other hand, claims that "'wrongful actions' is [a reference] limited to the wrongful actions set forth in the specific paragraphs incorporated . . . [under] the tortious interference claim." Opp'n at 18.

Plaintiff's reference to "wrongful actions" is too vague for the Court to conclude that this claim is not premised on the misappropriation of trade secrets, and Plaintiff has failed to "clearly delineate" which allegations support its interference with prospective economic advantage claim. *See SOS Co., Inc.*, 2012 WL 12897998, at *3. Therefore, as currently pleaded, Plaintiff's interference with prospective economic advantage claim is superseded by CUTSA. *See id.*

Accordingly, the Court DISMISSES WITHOUT PREJUDICE Plaintiff's interference with prospective economic advantage claim.

### c.        Violation of UCL

Plaintiff also raises a UCL claim against Defendants, alleging that Defendants' acts "constitute unlawful, unfair, and/or fraudulent business practices and unfair

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 17-0158-DOC (JCG)                                                    Date: June 27, 2017
                                                                                                                                     Page 14

competition prohibited under California Business & Professions Code §§ 17602(a)(1), (2), and (3)." FAC ¶ 90. Defendants' contend that Plaintiff's UCL claim is preempted by CUTSA as it is based on the misappropriation of trade secrets. Mot. at 20. Previously, the Court dismissed Plaintiff's UCL cause of action on these grounds. Order, March 23, 2017 (Dkt. 16) at 11.

Defendants assert that Plaintiff "added nothing" to its UCL allegations and "merely deleted obvious references to trade secrets." *Id.* Plaintiff responds that the UCL claim is based on "Jaussi's unlawful secret solicitation of a broker regarding the College Park Place . . . transaction while still employed by Plaintiff." Opp'n at 19.

Because Plaintiff made no reference to trade secrets in asserting a UCL claim but rather, alleges that Defendants "diverted Plaintiff's clients while still employed" and "falsely [claimed] that [they] had 'procured over $100 million in student housing,'" the Court finds that CUTSA does not supersede Plaintiff's amended UCL claim.

Defendants also argue that Plaintiff has no standing to bring a UCL claim because Plaintiff has not alleged any out-of-pocket loss. Mot. at 21. Defendants cited *Nishi v. Ethicon, Inc.*, No. C 00–2709 CRB, 2003 WL 917978, at *3 (N.D. Cal. Feb. 26, 2003) for the proposition that a plaintiff seek nothing more than restitution, in the absence of an economic loss, lacks standing to sue. *Id.*

Here, Plaintiff has sufficiently alleged that it lost money when Defendants diverted sales and profits to the competing company Defendants have established. FAC ¶ 80. Therefore, Plaintiff's alleged economic injury meets the requirements to bring a UCL claim.

Accordingly, the Court DENIES Defendant's Motion to Dismiss Plaintiff's UCL claim.

### d.     Civil Conspiracy

Plaintiff also alleges that Defendants entered into a "conspiracy to injure Plaintiff by committing each and all of the wrongful acts and torts alleged in the [referenced] paragraphs." FAC ¶ 97. Defendants argue that since Plaintiff's conspiracy claim incorporates allegations of misappropriated trade secrets, Plaintiff's claim is superseded by CUTSA. Mot. at 21.

Although Plaintiff made no mention of the misappropriation of trade secrets, the Court finds that Plaintiff's allegations are conclusory with no specific reference to the

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 17-0158-DOC (JCG)　　　　　　　　　　　　　　　Date: June 27, 2017
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 15

formation and operation of this alleged conspiracy. Plaintiff has therefore failed to meet the pleading requirements of Rule 12(b)(6).

Accordingly, the Court DISMISSES WITHOUT PREJUDICE Plaintiff's civil conspiracy claim.

## IV.　Disposition

For the foregoing reasons, the Court GRANTS IN PART and DENIES IN PART Defendants' Motion as follows:

- STRIKES allegation of fraud from CUTSA, breach of fiduciary duty, interference of prospective economic advantage, UCL, and civil conspiracy claims; and

- DENIES Defendants' Motion to Dismiss Plaintiff's breach of fiduciary duty and UCL claims;

- DISMISSES WITHOUT PREJUDICE Plaintiff's DTSA, interference with prospective economic advantage, and civil conspiracy claims.

Plaintiff may file an amended complaint, if desired, **on or before July 14, 2017**.

The Clerk shall serve this minute order on the parties.

MINUTES FORM 11　　　　　　　　　　　　　　　　　　　　Initials of Deputy Clerk: djg
CIVIL-GEN